IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WAYNE A. HUSSAR, II,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK MCTIGHE; CHIEF OF STAFF, MONTANA PROBATION AND PAROLE; LEA WEHONIG; MONTANA BOARD OF PARDONS AND PAROLE,<br><br>Defendants. | Cause No. CV 23-75-BLG-SPW<br><br>ORDER |

Plaintiff Wayne A. Hussar filed a Complaint generally alleging the Defendants violated his civil rights in conjunction with his state probation revocation proceedings. (Doc. 2.) Hussar seeks leave of the Court to proceed in forma pauperis. (Doc. 1.)

As explained below, because Hussar's claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), he fails to state a federal claim for relief. The Complaint will be dismissed.

I.   **Motion to Proceed in Forma Pauperis**

Hussar has filed a motion to proceed in forma pauperis, along with a copy of his inmate account statement as required by 28 U.S.C. § 1915(a). (Docs. 1 & 6.)

1

Hussar has made a sufficient showing; the request to proceed in forma pauperis will be granted.

Hussar must pay the statutory $350.00 filing fee. 28 U.S.C. § 1915(b)(1). Hussar has insufficient funds to pay an initial partial filing fee but will be required to make monthly payments of 20 percent of the preceding month's income credited to his institutional account. The percentage is set by statute and cannot be altered. *See* 28 U.S.C. § 1915(b)(2). By separate order, the agency having custody of Hussar will be directed to forward payments from Hussar's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Screening Analysis- 42 U.S.C. § 1983

Hussar is a prisoner proceeding in forma pauperis so the Court must review his Complaint. *See* 28 U.S.C. § 1915 and § 1915A. These provisions require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* Sections 1915A(b) and 1915(e)(2)(B).

Hussar alleges Defendants have unlawfully incarcerated him and in so doing have violated his constitutional rights. (Doc. 2 at 3-5.) Specifically, he states that

2

he was arrested on July 22, 2022, on a false claim that he had absconded from his parole and traveled to Florida. (*Id.* at 5.) He asserts his arrest was based upon a 360-day old Probation and Parole warrant. (*Id.*) In a supplement to his petition, Hussar claims that his arrest and subsequent parole revocation were based upon a misunderstanding and his Probation Officer, Lea Wehonig supplied a false statement regarding his alleged absconding in support of the revocation. (Doc. 4 at 1.) Based upon this information, Hussar believes his parole was wrongfully revoked. (*Id.* at 2.) Hussar asks this Court to dismiss his "absconding" charge, dismiss the time remaining on his sentence, and impose $2,000/day to compensate for his pain, suffering, and lost wages. (Doc. 2 at 5.)

Hussar's claims are barred by *Heck v. Humphrey*. *See* 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment in favor of a plaintiff in a civil-rights action would necessarily imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated. *Id.* at 486-87; *see also Smith v. City of Hemet*, 394 F. 3d 689, 695 (9th Cir. 2005)(en banc)("*Heck* says that 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.'"(citation omitted)). Thus, the "relevant question" in a § 1983 suit is whether success would

3

"'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence." *Smith*, 394 F. 3d at 695 (quoting *Heck*, 512 U.S. at 487).

Hussar's claims that his constitutional rights have been violated during the course of his probation revocation proceedings would necessarily imply the invalidity of his conviction and sentence and are therefore barred by *Heck*. See *Baskett v. Papini*, 245 Fed. Appx. 677, 678 (2007)(affirming dismissal of section 1983 action as *Heck*-barred because prisoner's allegations necessarily called into question the validity of the probation revocation); *see also Butterfield v. Bail*, 120 F. 3d 1023, 1024 (9th Cir. 1997)(denying challenge to the procedures used in denial of parole under Heck as it "necessarily implicates the validity of the denial of parole and, therefore, the prisoner's continuing confinement.") There is no basis for relief in this Court.

28 U.S.C. §§ 1915 and 1915A require the dismissal of a complaint that fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by

4

amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

Hussar fails to state a claim upon which relief may be granted as his claims are barred by *Heck*. This defect cannot be cured by amendment; leave to amend would be futile. This matter will be dismissed.

### III. Motion to Vacate

Hussar filed a motion requesting this Court vacate and dismisses his "conviction" of absconding to Florida, explaining he was not provided a hearing in state court on this issue. (Doc. 7.) As set forth above, Hussar fails to state a cognizable claim for relief. Further, federal district courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state courts. *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970)("lower federal courts possess no power whatever to sit in direct review of state court decisions.") The motion will be denied.

Based upon the foregoing, the Court issues the following:

### ORDER

1. Hussar's Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2. Hussar's Motion to Vacate Conviction (Doc. 7) is DENIED.

5

3. This matter is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The Clerk of Court is directed to have the docket reflect, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, the Court certifies that any appeal of this decision would not be taken in good faith.

DATED this 23rd day of August, 2023.

Susan P. Watters
United States District Court Judge